NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 31 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| R. W., individually and on behalf of his marital community,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>COLUMBIA BASIN COLLEGE, a public institution of higher education; LEE THORNTON, in his official and individual capacities; RALPH REAGAN, in his official and individual capacities,<br><br>Defendants-Appellants. | No.  19-35849<br><br>D.C. No. 4:18-cv-05089-RMP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted December 7, 2020
Seattle, Washington

Before:  McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[**] District Judge.

R.W., a nursing student at Columbia Basin College, revealed to his doctor

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

that he had homicidal ideations and that he imagined killing his teachers. Upon learning this information from the doctor and conducting further investigation, the College banned R.W. from campus until he met certain conditions for return. R.W. brought a First Amendment claim under 42 U.S.C. § 1983. The district court granted R.W.'s motion for summary judgment and also denied qualified immunity to two college administrators, Lee Thornton and Ralph Reagan, who now appeal. We review qualified immunity decisions de novo and we reverse. *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

Qualified immunity protects government officials from civil damages liability unless their conduct violates a "clearly established" constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Clearly established" means that "every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (per curiam). The key inquiry is whether the official had "fair notice that her conduct was unlawful." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)).

We reverse the denial of qualified immunity because the right was not clearly established. R.W. offers no precedent with sufficiently similar facts. R.W. cites various cases holding that students may engage in protected speech even when the speech violates university codes of conduct but offers no cases that

provide adequate notice to university administrators about the particular situation here. *See Sampson v. Cnty. of Los Angeles by & through Los Angeles Cty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1024 (9th Cir. 2020) ("[W]e must heed the Supreme Court's repeated admonitions not to define clearly established law at a high level of generality because doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.") (internal citations and quotations omitted). The cases cited by R.W. do not provide guidance on the bounds of the First Amendment in situations where, as here, the statement was violent in nature but made off-campus to a doctor, and where the response was not suspension or expulsion from the College, but rather a process for re-enrollment in a manner the College deemed safe. A reasonable school administrator would not have fair notice that the conduct here violated the First Amendment.

Though fair notice "do[es] not require a case directly on point," it does require that existing precedent has put the "constitutional question beyond debate." *Barkes*, 575 U.S. at 825. Here, there is room for debate on dispositive issues, such as what response is permitted to violent statements, what constitutes a true threat, and whether the student speech doctrine extends to colleges and universities. Therefore, we cannot say that R.W.'s right to return to campus without the College's safety conditions was "clearly established."

3

**REVERSED and REMANDED** for proceedings consistent with this disposition.